## THE STATE BANK OF INDIANA *v.* BROOKS.

A special demurrer cannot be filed after the day for which the cause is set for trial.

After judgment for the plaintiff on demurrer to the declaration, in a suit on a promissory note, it is unnecessary, on executing the writ of inquiry, to prove the execution of the note.

As to the form of a declaration in an action on several bank-notes.

Whether the declaration shows a sum due sufficiently large to give the Circuit Court jurisdiction depends, not upon the amount of any one particular item, but upon the whole amount, demanded in the declaration.

APPEAL from the *Marion* Circuit Court.

BLACKFORD, J.—*Brooks* brought an action of assumpsit against *The State Bank of Indiana.* The object of the suit was to recover the amount of several bank-notes, alleged to have been made by the bank, and payable to the bearer at the branch bank at *Indianapolis*.

The declaration, after particularly describing each of the notes, avers—That the plaintiff was the lawful bearer and owner of the notes; that payment in gold or silver had been demanded at the branch bank and been refused; that by means thereof the defendant became liable to pay the notes to the plaintiff, with interest at the rate of 12 *per cent.* per annum, when such payment should be demanded. It is further averred, that being so liable, the defendant, in consideration of the premises, promised to pay the notes when required. The breach is then assigned, that the defendant had not paid the amount of the notes and interest, or any part thereof, although often requested. To the plaintiff's damage 1,200 dollars.

It is said that there was a motion to quash the writ in this case, and that the motion was improperly overruled. But as the writ is not inserted in the record, we have no means of

examining the objection, and must presume the decision of the Court to be correct.

The cause was docketed for the second day of the term, and on the third day, the defendant filed a special demurrer to the declaration. The Court, on the plaintiff's motion, set aside the special causes of demurrer. This decision is right. The statute is express, that no special demurrer shall be filed after the day for which the cause is docketed. Rev. Code, 1831, p. 403. (Rev. Stat. 1838, p. 449.)

On the general demurrer to the declaration, there was judgment for the plaintiff. This declaration is not in the usual form of declarations on several promissory notes. We think, however, that although it might be objectionable on special demurrer, it is in substance sufficient (1).

After the judgment on demurrer, the parties submitted the assessment of damages to the Court. The plaintiff offered the notes in evidence without proof of their execution. The evidence was objected to, but the objection was overruled and the notes were read. This evidence was rightly admitted (2). Proof of the execution of the notes could not have been required, even on the plea of non assumpsit, unless the plea had been verified by affidavit. R. C. 1831, p. 403. (Rev. Stat. 1838, p. 449.)

An objection is made to the amount of the judgment, on the ground that as some of the notes are for a sum within a justice's jurisdiction, those notes could not be included in this suit. There is nothing in this objection. It is the whole amount of the several sums demanded in the declaration, and not the amount of any one particular item, that is to be considered, in respect to the jurisdiction of the Court.

*Per Curiam.*—The judgment is affirmed with 3 *per cent.* damages and costs.

*C. Fletcher* and *O. Butler*, for the appellant.

*J. Morrison*, for the appellee.

---

(1) In the case of separate counts on promissory notes, a breach of non-payment need not be stated at the conclusion of each count; but a general averment of the non-payment of the several sums of money, or any part thereof, &c., in the conclusion of the declaration, is sufficient. *Butterworth* v. *Lord Le Despencer*, 3 M. & Selw. 150.

The *English* Courts hold that, at common law, if a note be made, in the body of it, payable at a particular place, the declaration against the maker must

aver a presentment at the place. Chitt. jun. Precedents, 153, and the cases <span>May Term, 1838.</span> there cited. But the Supreme Court of the *U. States* has decided the law to be otherwise; *Wallace* v. *M'Connell*, 13 Peters, 136; and the Court refers, in that case, to similar decisions in several of the state Courts. In this state, by statute, a presentment at the place need not be averred. Rev. Stat. 1838, p. 462.

<span>HOBSON<br/>v.<br/>DOE.</span>

(2) In executing a writ of inquiry, all the plaintiff is required to prove, or the defendant permitted to controvert, is the amount of the damages; *De Gaillon* v. *L'Aigle*, 1 B. & P. 368; the cause of action itself being established by the interlocutory judgment. *East India Co.* v. *Glover*, 1 Str. 612. Therefore, a bill of exchange or promissory note declared on, need not be proved; though it must be produced in order to show that no part of it has been paid, *Green* v. *Hearne*, 3 T. R. 301, and that it is correctly described in the declaration. *Sheehy* v. *Mandeville*, 7 Cranch, 208. So, evidence of fraud in the contract declared on is inadmissible. *East India Co.* v. *Glover*, *supra*. In trespass, if the plaintiff offers no evidence he is only entitled to nominal damages. But in slander, (where no special damage can be proved unless laid in the declaration,) the jury of inquiry are not limited to nominal damages, though the plaintiff have introduced no evidence. *Tripp* v. *Thomas*, 3 B. & C. 427.—2 Arch. Pr. 37.