## EPPERLY v. LITTLE.

A declaration in assumpsit, in the Court of Common Pleas, in a suit commenced *March* 9, 1853, contained two counts, one on a note for 700 dollars, and the other for 200 dollars for money paid, &c. The damages in the conclusion of the declaration were laid at 1,500 dollars. The defendant having moved to dismiss the suit for the want of jurisdiction, the plaintiff, during the pendency of the motion, obtained leave to amend the declaration by stating the damages at 1,000 dollars; and, having made the amendment, the defendant's motion was overruled. The defendant then moved for a continuance of the cause, on account of the amendment, but the Court refused the motion.

*Held*, that, in the refusal to dismiss the suit, there was no error.

*Held*, also, that the amendment, not having materially changed the plaintiff's claim, did not entitle the defendant to a continuance.

A count on a promissory note averred that "the defendant, by his certain note in writing, then due and payable, promised the plaintiff," &c. *Held*, on demurrer, that the undertaking of the plaintiff was sufficiently alleged.

May Term, 1855.

EPPERLY
v.
LITTLE.

APPEAL from the *Wayne* Court of Common Pleas.

GOOKINS, J.—*Little* sued *Epperly*, on the 9th of *March*, 1853, in the *Wayne* Court of Common Pleas, in an action of assumpsit. The declaration contains two counts, one on a note for 700 dollars, and the other for money paid, 200 dollars. The damages in the conclusion of the declaration were laid at 1,500 dollars.

Thursday, June 7.

The defendant moved to dismiss the suit for the want of jurisdiction, and the plaintiff moved to amend his declaration, which was allowed, and he amended by stating the damages at 1,000 dollars; whereupon the Court refused the defendant's motion to dismiss the suit. The defendant then moved to continue the cause, in consequence of the amendment, which motion was overruled. The defendant then filed his demurrer to the first count of the declaration, which was overruled, and the plaintiff having entered a *nolle prosequi* to the second count, judgment was given for the amount of the note, and the defendant appealed.

The 11th section of the act organizing the Court of Common Pleas, 2 R. S. 1852, p. 18, gives that Court jurisdiction when the sum due or demanded, or damages claimed, shall not exceed 1,000 dollars, exclusive of interest and costs. The sums claimed in the two counts, exclusive of interest, amounted to only 900 dollars, and the plaintiff could have recovered no more. The cases of *Wetherill* v. *The Inhabitants, &c.*, 5 Blackf. 357, and *Swift* v. *Woods, id.* 97, are relied on by the appellant. In the former case, it is *said*, but not *decided*, as the question was not before the Court, that in assumpsit, and other actions sounding in damages, the sum laid in the conclusion of the declaration constitutes the amount of the plaintiff's claim. We think the sum so laid *limits*, but does not *enlarge* the plaintiff's claim. In *Swift* v. *Woods*, which was

May Term,
1855.

an action before a justice of the peace, the plaintiff, in three separate counts, claimed 50 dollars each, and there was no general conclusion limiting the demand. That case, and the case of *The State Bank* v. *Brooks*, 4 Blackf. 485, *Middleton* v. *Harris*, 6 *id.* 397, *Anderson* v. *Farns*, 7 *id.* 343, and *Washburn* v. *Payne*, 2 *id.* 216, show that if the utmost the plaintiff can recover upon his claim, as stated, is within the jurisdiction of the Court, it is sufficient to give jurisdiction. In *Tipton* v. *Cummins*, 5 Blackf. 571, an amendment to a declaration in debt, by inserting the amount of damages claimed, was held to be not an amendment in substance. We think there was no error in refusing to dismiss the suit.

What has already been said disposes of the second objection. The amendment made did not materially change the plaintiff's claim, and did not entitle the defendant to a continuance. *Tipton* v. *Cummins, supra.*

The demurrer to the first count was properly overruled. The objection taken is, that the pleader, after describing the note, did not, as in the old forms, repeat that the defendant *thereby* promised to pay, &c. The count states that "the defendant, by his certain note in writing, then due and payable, promised to pay the plaintiff," &c. If that is true, which the demurrer admits, we think the plaintiff was entitled to his action.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*O. P. Morton* and *M. Wilson*, for the appellant.

*J. B. Julian*, for the appellee.