No. 6893.

BREIDERT *v.* KRUEGER.

76    55
126   588

SUPREME COURT.—*Appeal.*—In an action originating before a justice of the peace, where the facts stated in the complaint affirmatively show that the amount in controversy does not exceed fifty dollars, an appeal to the Supreme Court will be dismissed, notwithstanding the amount laid in the prayer of the complaint.

From the Noble Circuit Court.

*V. C. Morris*, for appellant.

*A. A. Chapin*, for appellee.

ELLIOTT, J.—This action originated before a justice of the peace. It is apparent from the averments in the body of the complaint, that the amount actually in controversy is fifty dollars, and no more. The measure of recovery is fixed by the written instrument upon which the complaint is founded, and it can be readily seen from an inspection of the instrument and a consideration of the facts stated, that in no event could the recovery have exceeded the sum named. In the conclusion of the complaint, appellant demands judgment for seventy-five dollars.

The appellee in a very elaborate brief insists, that, as the complaint upon its face shows that fifty dollars is the only amount in controversy, the appeal should be dismissed under the act of March 14th, 1877, notwithstanding the fact that the prayer of the complaint is for judgment for seventy-five dollars. The appellee insists that the sum for which judgment is demanded determines the amount in controversy. In support of the position assumed by counsel for the appellant several cases are cited, beginning with that of *Short* v. *Scott*, 6 Ind. 430. That was an action of trespass for killing animals belonging to the plaintiff, and from the statement of the value of the animals killed, as well as from the amount of damages alleged to have been sustained, it appeared that the amount in controversy was beyond the jurisdiction of the justice, and the court held that his jurisdiction

was ousted. It is very clear that the case cited, as well as those therein referred to, has no bearing upon a case where the amount of recovery is limited by the written instrument which constitutes the foundation of the complaint. The second of the cases referred to by the appellant is that of *Epperly* v. *Little*, 6 Ind. 344. That case we regard as against rather than for the appellant, for it was there said: "The sum laid in the conclusion constitutes the amount of the plaintiff's claim. We think the sum limits but does not enlarge the plaintiff's claim." The question in the case of *The Inhabitants, etc.*, v. *Weir*, 9 Ind. 224, was not like that here presented. What that case decides is that as the plaintiff can not recover beyond the sum laid in his declaration, the court will have jurisdiction, if the sum so laid is within the statutory limit. *Guard* v. *Circle*, 16 Ind. 401, is to substantially the same effect as the case to which we have just referred. None of the cases cited can be regarded as in point upon the question here under discussion, for the question here is, not whether the recovery can exceed the sum laid in the conclusion of the complaint, but the question is, whether the sum which the plaintiff could have recovered could in any event exceed that which the written instrument and facts stated showed him to be entitled to, in the event of success. There are authorities directly in point upon this question. In *Murphy* v. *Evans*, 11 Ind. 517, the question here under examination was thus discussed by WORDEN, J., in speaking for the court: "It is insisted that this rule is one that must work both ways; that if the damages claimed can not enlarge the real claim as shown by the facts pleaded they can not lessen such claim; or, in other words, if the amount which the papers show to be in controversy, and not the sum claimed as damages is to be looked to for the purpose of determining jurisdiction in one case, it must be in all cases. We do not, however, so view the matter. A party can not, by a claim for damages, give himself a right

to recover more than the facts stated by him will warrant. If he sues only upon a note for $500, although he claims damages to the amount of $1,500, he can only recover his $500 and interest, and that sum is all there is in controversy."

In *Hunt* v. *Rockwell*, 41 Conn. 51, it was held that the *ad damnum* clause governs, unless it appears from the body of the declaration that the amount claimed is too small to confer jurisdiction. The case of *Fowler* v. *Bishop*, 32 Conn. 206, in effect decides the same principle. The doctrine of the cases last cited is, in our opinion, a sound and reasonable one. If the contrary doctrine should be adopted then no matter how small the amount actually in controversy, the court would be compelled to take cognizance of the case, if the sum laid in the conclusion was large enough to bring the case within the statutory limit. If the sum laid in the prayer is to be taken as controlling, then an action upon a promissory note, for the smallest conceivable sum—for one dollar, or one cent—might be brought within the jurisdiction of the court by making the demand for judgment sufficiently great. This would be unreasonable. It would require the court to reject the material part of the complaint, the statement of the cause of action, and to accept the merely formal part, the prayer. If the rule, that the sum named in the conclusion shall be accepted as the test, should be adopted as the correct one, then it would be an easy matter to bring all cases within the jurisdiction of this court by enlarging the demand, and inserting a fictitious sum, for the purpose of bringing the case within the statutory limit.

The reasonable and safe rule is, that where the facts stated as the cause of action affirmatively and clearly show that the amount in controversy does not exceed fifty dollars, the court should refuse to entertain jurisdiction, although a much larger sum is claimed in the conclusion. This rule will not, of course, prevail where the amount in controversy is not shown by the facts stated as the cause of action, nor will it

obtain where the amount depends upon the judgment of a jury, as in some cases of tort, but it will prevail, wherever the true amount can be certainly and definitely ascertained from the facts alleged as the foundation of the action.

In the case before us the facts stated distinctly show that the amount in controversy is a definite and certain sum not exceeding fifty dollars, and this appeal must, therefore be dismissed.

Appeal dismissed, at costs of appellant.