No. 7454.

## WAGNER v. KASTNER.

SUPREME COURT.—*Appeal.*—*Suit Originating Before Justice of the Peace.*— *Amount in Controversy.*—*Dismissal.*—Under section 550 of the code of 1852, as amended by the act of March 14th, 1877 (section 632, R. S. 1881),. in actions originating before a justice of the peace, where the amount in controversy, exclusive of interest and costs,. does not exceed fifty dollars,. appeals will not lie to the Supreme Court,. and, if taken, must be dis- missed. This is so, whether the interest accrued before or after the commencement of the action.

From the Ripley Circuit Court.

*G. Durbin,* for appellant.

*W. D. Willson* and *C. H. Willson,* for appellee.

HOWK, J.—This was a suit by the appellee against the appel- lant upon a promissory note, of which the following is a copy :

"$50.      OSGOOD, INDIANA, February 14th, 1878.

"On the 14th day of May, 1878, for value received, I promise to pay to the Hope Fire Insurance Company of In- dianapolis, or bearer, fifty dollars, payable at the express office, at Osgood, Indiana, with interest at the rate of ten per cent. after maturity, without any relief whatever from valua- tion laws. (Signed)      PETER WAGNER."

Endorsed : "Hope Fire Insurance Company, G. W. Suter,. agent."

The suit was commenced before a justice of the peace of Ripley county. Without waiving any other answer of de- fence, the appellant answered specially before the justice, set- ting up certain alleged false and fraudulent representations of the agent of the payee of the note, in bar of any recovery thereon. The trial before the justice resulted in a finding and judgment for the appellee, for the amount of the note and inter- est, from which judgment the appellant, the defendant below,. appealed to the circuit court.

The appellee's demurrer for the want of sufficient facts to the appellant's special answer was overruled by the court, and to

Wagner *v.* Kastner.

this ruling the appellee excepted. The cause was tried by the court, and a finding was made for the appellee in the amount of the note and interest; and the appellant's motion for a new trial having been overruled, and his exception saved to this decision, the court rendered judgment on its finding.

In this court the appellant has assigned, as error, the overruling of his motion for a new trial; and as a cross error the appellee has assigned the overruling of his demurrer to the appellant's special answer.

But we are met, *in limine*, with this question: Has this court jurisdiction of this appeal? In other words, will an appeal lie to this court from a final judgment, in a civil action "originating before a justice of the peace or mayor of a city, where the amount in controversy, exclusive of interest and costs, does not exceed fifty dollars?" Under section 550 of the code, as amended by an act approved March 14th, 1877, which act became a law on the 2d day of July, 1877, and before the commencement of this action, there can be but one answer to these questions. Acts of 1877, Spec. Sess., p. 59. In cases originating before a justice of the peace or mayor of a city, an appeal will not lie to this court, where, as in this case, the amount in controversy, exclusive of interest and costs, does not exceed fifty dollars. *Dailey* v. *The City of Indianapolis*, 53 Ind. 483; *Cowley* v. *The Town of Rushville*, 60 Ind. 327; *The Louisville, etc., Railway Co.* v. *Jackson*, 64 Ind. 398; and *Painter* v. *Guirl*, 71 Ind. 240.

This appeal is dismissed, for want of jurisdiction, at the appellant's costs.

## On Petition for a Rehearing.

Howk, J.—In this case, an earnest petition for a rehearing has been presented, which demands from us some further consideration of the point decided in the original opinion.

The appellee sued the appellant upon his note for fifty dollars, and no more, before a justice of the peace of Ripley county, and recovered a judgment for the amount of the note

and interest; from which judgment the defendant appealed to the circuit court. There, the trial of the cause by the court resulted in a finding and judgment for the appellee, for the amount of the note and interest; from which judgment this appeal is prosecuted.

In the original opinion, the appeal was dismissed, for the reason that the record disclosed the fact that the suit originated before a justice, and that the amount in controversy, exclusive of interest and costs, did not exceed fifty dollars. In such a case, the section of the statute, cited in the original opinion, expressly provides that an appeal will not lie to this court. But the appellant's counsel says: "The expression in the statute, 'exclusive of interest and costs,' must refer to the interest accrued on the judgment, and not to the accrued interest on the note at the time suit is instituted." It seems to us, however, that interest is none the less interest, because it has accrued before the institution of the suit. The language of the statute is too plain for construction. In suits originating before a justice, an appeal will not lie to this court, " where the amount in controversy, exclusive of interest and costs, does not exceed fifty dollars." So the law is written, and so it must be construed.

The petition is overruled, at the appellant's costs.