No. 10,547.

LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COM-
PANY v. COYLE.

SUPREME COURT.—*Amount in Controversy.*—*Jurisdiction.*—To give the Su-
preme Court jurisdiction in cases originating before justices of the peace,
the amount in controversy, exclusive of interest and costs, must exceed
fifty dollars; and when the plaintiff recovers that sum or is satisfied
with the amount recovered, and the defendant is merely resisting the re-
covery, claiming no set-off or counter-claim, the amount so recovered is
all that is in controversy within the meaning of section 632, R. S. 1881.

From the Montgomery Circuit Court.

*A. D. Thomas*, for appellant.

*E. C. Snyder*, for appellee.

ELLIOTT, J.—The appellee's motion to dismiss the appeal must be sustained.

The action originated before a justice of the peace; the ap-
pellee's judgment, exclusive of interest, is for $50, and she is content with her judgment. The adjudged cases settle these propositions:

1st. Where the plaintiff recovers $50, or less, and is satis-
fied with the amount of the recovery, and the defendant is

merely resisting the recovery, and is claiming no set-off or counter-claim, then the amount so recovered is all that is in controversy. *Sprinkle* v. *Toney,* 73 Ind. 592; *Parsley* v. *Eskew,* 73 Ind. 558; *Pennsylvania Co.* v. *Trimble,* 75 Ind. 378.

. 2d. In order to give this court jurisdiction in cases originating before justices of the peace, the amount in controversy, exclusive of interest and costs, must exceed $50. *Wagner* v. *Kastner,* 79 Ind. 162; *Breidert* v. *Krueger,* 76 Ind. 55; *Halleck* v. *Weller,* 72 Ind. 342.

It is very obvious that what is said in *Breidert* v. *Krueger, supra,* as to the statement in the body of the complaint controlling instead of the sum laid in the conclusion, has not the remotest application to such a case as the present.

Appeal dismissed.