Winship *v.* Block *et al.*

No. 11,604.

WINSHIP *v.* BLOCK ET AL.

SUPREME COURT.—*Appeal.*—*Jurisdiction.*—*Amount in Controversy.*—No ap-peal will lie to the Supreme Court from a judgment in an action origi-nating before a justice of the peace, under section 632, R. S. 1881, where the amount in controversy is less than $50, exclusive of interest and costs; and when the plaintiff is content with the recovery of $50 or less, no set-off or counter-claim having been asserted, the amount recovered will be deemed the amount in controversy, and an appeal by the defend-ant dismissed.

From the Rush Circuit Court.

*W. A. Cullen* and *B. L. Smith,* for appellant.

*J. Q. Thomas, J. J. Spann, D. S. Morgan* and *W. T. Jack-son,* for appellees.

COLERICK, C.—This action was instituted by the appellees against the appellant before a justice of the peace of Rush county, Indiana, upon an account for goods sold and deliv-ered. The appellant appeared to and defended the action be-fore the justice of the peace, but filed no set-off or counter-claim. The case was tried, and resulted in the rendition of a judgment in favor of the appellees for $53.76, and from this judgment the appellant appealed to the Rush Circuit Court, where the action was tried by the court upon the same issues as those tried before the justice of the peace, and judgment was rendered by the court on the 26th day of October, 1883, for $40, in favor of the appellees, with which they are con-tent, but the appellant has appealed therefrom to this court.

The appellees, upon notice to the appellant, have moved this court to dismiss the appeal, on the ground that the action originated before a justice of the peace, and as the amount in controversy, exclusive of interest and costs, does not exceed $50, that this court has no jurisdiction in the case.

It is settled by an unbroken line of decisions that in order to give this court jurisdiction, under our present statutes, in cases originating before justices of the peace, the amount in

controversy, exclusive of interest and costs, must exceed $50. *Cowley* v. *Town of Rushville*, 60 Ind. 327; *Louisville, etc., R. W. Co.* v. *Jackson*, 64 Ind. 398; *Painter* v. *Guirl*, 71 Ind. 240; *Halleck* v. *Weller*, 72 Ind. 342; *Parsley* v. *Eskew*, 73 Ind. 558; *Sprinkle* v. *Toney*, 73 Ind. 592; *Pennsylvania Co.* v. *Trimble*, 75 Ind. 378; *Breidert* v. *Krueger*, 76 Ind. 55; *Wagner* v. *Kastner*, 79 Ind. 162; *Baltimore, etc., R. R. Co.* v. *Johnson*, 83 Ind. 57; *Louisville, etc., R. W. Co.* v. *Coyle*, 85 Ind. 516.

Where the plaintiff recovers $50 or less, and is satisfied with the amount of recovery, and the defendant is merely resisting the recovery, and is asserting no set-off or counterclaim, then the amount so recovered is all that is in controversy. *Louisville, etc., R. W. Co.* v. *Coyle, supra; Painter* v. *Guirl, supra; Baltimore, etc., R. R. Co.* v. *Johnson, supra.*

As this court has no jurisdiction to hear and determine this case, the appeal must be dismissed.

PER CURIAM.—The appeal is dismissed, at the costs of the appellant.

