Filed May 13, 1891.

———◆———

No. 2.

WYSOR ET AL. v. JOHNSON ET AL.

APPELLATE COURT.—*Jurisdiction.*—*Amount in Controversy.*—*Cross-Complaint.* —In an action for the recovery of money only, where the amount demanded in a cross-complaint added to the amount of the judgment exceeds one thousand dollars, the Appellate Court has no jurisdiction.

SAME.—*Sufficiency of Cross-Pleading.*—The sufficiency of the cross-complaint will not be considered in determining the question of jurisdiction.

From the Delaware Circuit Court.

*W. Brotherton* and *W. W. Orr*, for appellants.

*J. N. Templer* and *J. F. Sanders*, for appellees.

BLACK, C. J.—This was an action in which the appellees were the plaintiffs, suing as partners under the firm name of A. L. Johnson & Co. There were a number of defendants, some of whom, with the personal representative of another of them, are the appellants. The other defendants were alleged to have been formerly members of the firm of A. L. Johnson & Co., and to have assigned their interest in the partnership, and in the cause of action, to one of the plaintiffs. The defendants, other than these assignors, were sued under the firm name of Wysor, Haines & Co.

The complaint was in three paragraphs. In the first and third damages were sought for alleged breach of warranty

in the sale of a steam engine by Wysor, Haines & Co. to A. L. Jóhnson & Co.

In the second paragraph damages were sought for the failure and refusal of Wysor, Haines & Co. to perform a contract to furnish and set up a steam-engine in the mill of A. L. Johnson & Co.

The defendants who composed the firm of Wysor, Haines & Co. demurred to the several paragraphs of complaint, and their demurrer was overruled. They then answered by general denial, and filed a pleading therein denominated a cross-complaint and counter-claim, in two paragraphs, against their co-defendants, said assignors, and the appellees, averring therein performance on the part of Wysor, Haines & Co. of the contract stated in the complaint, and alleging that the purchasers of said steam-engine agreed, as a part of said contract, to execute their promissory note for $525 to said Wysor, Haines & Co., in part payment for said engine, and charging failure on the part of the purchasers to execute said note or to pay said sum or any part of it, and that said sum had not been paid or any part thereof, and that the same was due and unpaid, to the damage of said Wysor, Haines & Co., in the sum of $1,000, for which judgment was demanded.

The appellees answered the " cross-complaint and counter-claim " by general denial and by an affirmative paragraph, to which the defendants composing the firm of Wysor, Haines & Co. demurred. The demurrer having been overruled, they replied by general denial.

There was a trial by jury, and a general verdict for $775 was returned in favor of the appellees against the defendants composing the firm of Wysor, Haines & Co., who thereupon moved for a new trial. This motion having been overruled, judgment was rendered on the verdict.

The appellants have assigned as errors the rulings upon demurrers above mentioned and the overruling of the motion for a new trial.

The plaintiffs being content with their judgment for $775, and this appeal being taken by defendants, this court would have jurisdiction if the amount in controversy were not so increased by cross-demand. The amount so added is not determined by the arbitrary demand in the conclusion of the cross-pleading. The allegations of that pleading could not authorize the recovery thereunder of a larger amount than would be due the cross-complainants by reason of the failure of the appellees to make their note as agreed upon, or to pay the amount for which the note was to be given. When that amount is added to the amount of the judgment, the sum exceeds one thousand dollars, the limit of the jurisdiction of this court in actions of this character.

In determining the question of jurisdiction we can not consider the question of the sufficiency of the cross-pleading. Whether well pleaded or not, it introduces into the controversy an amount which so increases the amount otherwise in controversy that this court is deprived of jurisdiction. *Breidert* v. *Krueger*, 76 Ind. 55; *Bowlus* v. *Brier*, 87 Ind. 391; *Coles* v. *Peck*, 96 Ind. 333; *Lake Shore, etc., R. R. Co.* v. *Van Auken, post*, p. 492.

It is ordered, therefore, that this cause be transferred to the Supreme Court.

Filed May 16, 1891.