Duckworth v. Mosier.

Filed March 29, 1892.

---

No. 534.

' DUCKWORTH v. MOSIER.

APPEAL.—*Cause Originating before Justice.—Forcible Entry and Detainer.— Money Judgment Simply.*—In an action commenced before a justice of the peace for the alleged forcible entry and detainer of a tract of land and for damages for its detention, where on appeal to the circuit court judgment was rendered in favor of the plaintiff for fifteen dollars and costs, and nothing was stated in the judgment about the land, it must be regarded as simply a money judgment, and being for less than fifty dollars, exclusive of interest and costs, an appeal will not lie to the Appellate court. In such a case the amount of the judgment must control in determining whether an appeal will lie.

From the Morgan Circuit Court.

*J. H. Jordan* and *O. Mathews*, for appellant.

*C. G. Renner* and *W. R. Harrison*, for appellee.

CRUMPACKER, J.—This action was commenced by Mosier against Duckworth, before a justice of the peace, for

the alleged forcible entry and detainer of a tract of land, and for damages for its detention.

Plaintiff had judgment for possession of the land and eleven dollars damages, before the justice.   The defendant appealed from such judgment, to the Morgan circuit court, where the cause was tried by a jury and a verdict returned as follows :   " We the jury find for the plaintiff and assess his damages at fifteen dollars."   Judgment was rendered in favor of the plaintiff for the amount of the verdict and costs.   The record in the circuit court is entirely silent respecting the land, and it seems to have dropped out of account altogether.

The defendant appeals from the judgment of the circuit court and assigns several grounds of error.

Appellee has filed a written motion to dismiss the appeal, on the ground that the cause originated before a justice of the peace, and the amount in controversy is less than fifty dollars.   Appellant insists that the *gravamen* of the action is the charge of forcible entry and detainer, and the recovery of damages is purely incidental, consequently the case does not fall within the exceptions contained in section 632, R. S. 1881, concerning appeals.   This view would be correct in determining the character of the action and the theory of the complaint, and if we were required to look to the complaint to determine the amount or thing in controversy for the purposes of the appeal, appellant's contention should prevail.   *Goodwine* v. *Barnett,* 2 Ind. App. 16.

But the judgment is for the recovery of money and nothing else, and the appellee is satisfied with it.   It is this judgment which appellant is resisting and seeking to be relieved from the performance of, by the appeal.

The judgment of this court can determine only whether the judgment of the lower court shall stand, and it can affect no other right of the parties, because no other question is involved in the judgment.   It is firmly settled that

regardless of the amount in controversy originally, or what is demanded in the complaint, if the plaintiff recovers a simple money judgment in the circuit court, on appeal from a justice of the peace, and is content with such recovery, and the defendant appeals therefrom, the amount of the *judgment* must control in determining whether an appeal will lie. If such judgment is for fifty dollars or less, exclusive of interest and costs, there is no right of appeal. *Cincinnati, etc., R. W. Co.* v. *McDade,* 111 Ind. 23; *Winship* v. *Block,* 96 Ind. 446; *Louisville, etc., R. W. Co.* v. *Coyle,* 85 Ind. 516; *Parsley* v. *Eskew,* 73 Ind. 558.

In the case last cited the court said: " The amount in controversy is the sum for which judgment was rendered, for the only controversy, is, whether the appellee shall have that sum or not. That sum is all that the appellee seeks to recover, and appellant's contention is confined to a resistance of payment of that sum and that only."

Counsel for appellant cite *Hall* v. *Durham,* 113 Ind. 327, in support of their right of appeal. In that case the appeal was from a judgment for the recovery of specific articles of personal property, which the trial court found to be of the value of forty-five dollars. The Supreme Court very properly held that it could not be said any *amount* was in controversy, within the meaning of section 632, *supra,* for the judgment was for the recovery of specific property and not money. In the case before us the judgment is for the recovery of money only, and does not assume to affect the rights of the parties to any other thing.

However irregular the proceedings in the circuit court may have been, there is no escape from the conclusion that the amount in controversy is so small as to deprive this court of jurisdiction to determine the appeal.

It is therefore dismissed at appellant's costs.

Filed March 31, 1892.