### SMITH ET AL. v. BARBER.

[No. 2,142.   Filed June 1, 1897.]

APPELLATE COURT. — *Jurisdiction.* — *Cross-Complaint.* — Where a cross-complaint upon which an equitable lien was foreclosed increased the sum in controversy to an amount exceeding the jurisdiction of the Appellate Court, the cause will be transferred to the Supreme Court, as this court cannot consider the sufficiency of such cross-complaint in determining the question of jurisdiction.

From the Boone Circuit Court.   *Transferred to Supreme Court.*

*Ira M. Sharp* and *Ralston & Keefe,* for appellants.
*Higgins & Dutch, Edwin A. Doolittle* and *W. A. Dutch,* for appellee.

ROBINSON, J.—Appellants brought suit against the appellee to recover damages for the breach of a written contract, and also upon an account for work and labor done by appellants, and materials furnished, and money paid them for the appellee. An affidavit for an attachment was also filed upon the filing of the complaint.

The first and fourth paragraphs of the complaint are substantially the same, and seek damages for an alleged breach of the written contract, which is filed as an exhibit with each paragraph.

The second paragraph is based upon an account for work and labor, and with it is filed a bill of particulars.

Smith v. Barber.

The third paragraph is based upon an alleged verbal contract which is substantially the same contract as the written contract.

To this complaint the appellee filed a general denial, a plea of set-off to the second paragraph, and a counterclaim against the appellants in four paragraphs.

The first paragraph of the counterclaim makes the contract filed with the complaint an exhibit, and alleges that the appellee had furnished the appellants each item of machinery and property described in the contract, and that all the stipulations in the contract had been performed by the appellee; that for the machinery and property furnished, the appellants were indebted to the appellee in the sum of $1,100, and that for other property furnished appellants they were indebted to the appellee in the further sum of $625; it is further alleged that, by the terms of the contract, the property mentioned therein was to remain the property of the appellee until paid for; that the appellants had failed to pay for the property, and asks judgment for $2,300, and that the same be declared a lien on the machinery and building and the real estate upon which the building and machinery were situated, and that the property be sold to pay such indebtedness.

The second paragraph of the counterclaim admits the execution of the written contract, and alleges that appellee fully complied with the terms thereof, except making the trial test, which he offered to make, but was prevented from making by certain alleged acts of the appellants; that the machinery is unpaid for, and asks judgment and for the foreclosure of the lien as in the first paragraph.

In the third paragraph, appellee avers that, by agreement of the parties, the contract was changed as to certain work appellants were to do, and that, by

reason of the change, additional machinery was furnished and additional labor expended by appellee, for the value of which recovery is asked. A bill of particulars is filed with and made a part of this paragraph.

The fourth paragraph of counterclaim is based upon the written contract, and avers a performance of the same by appellee, and that the appellee offered to make the test run, but was prevented from making it by certain acts of appellants therein alleged; that all the machinery and material furnished by appellee was to remain his property until paid for, and asks judgment for a sum named, and that the property be decreed to be the property of the appellee.

Demurrers were overruled to these several paragraphs of answer and counterclaim, except the first. There was a special finding of facts and conclusions of law thereon. The court stated, as conclusions of law, that the appellee should recover on his counterclaim the sum of $1,100, the same being the amount due from appellants to appellee on the written contract, and the further sum of $249.97, on the paragraph of set-off, and that the total amount appellee should recover was $1,349.97; that appellee is entitled to a specific lien on the machinery described in the written contract for the said sum of $1,100, and that appellee was entitled to recover against appellants in the attachment. Appellants' motions for a *venire de novo*, that the court make the special finding of facts more specific, and for a new trial, were overruled. Appellee's motion for a judgment on the findings and conclusions of law was sustained, and judgment was rendered in appellee's favor as follows: "It is therefore considered, decreed, and adjudged by the court that the defendant recover of the plaintiff, upon his counterclaim, the sum of eleven hundred dollars, and that

said sum is a specific lien upon the following per-
sonal property, to wit: (describing it as in the con-
tract) * * * that so much of said property as
may be necessary to pay and satisfy said sum of eleven
hundred dollars be sold by the sheriff as other per-
sonal property is sold on execution, with relief from
valuation and appraisement laws, and in the event
said property does not sell for enough to pay and sat-
isfy said sum of eleven hundred dollars, that the resi-
due of this judgment for said eleven hundred dollars
remaining unpaid after the sale of said property, if
any, be levied upon any other property of the plain-
tiffs, subject to execution, and in the event that said
property sell for more, and any of the proceeds of the
sale remain after the payment of defendant's claim"
that it be paid to the appellants. Judgment was also
given appellee for $247.97 upon his set-off, and also
that the property attached be returned to appellee.
The judgment further provided "that a copy of this
decree duly certified by the clerk of this court, under
the seal thereof, shall be sufficient authority to the
sheriff to enforce the provisions of this decree."

The appellants have assigned as errors the rulings
on the demurrers to the second, third, fourth, fifth,
and sixth paragraphs of answer and counterclaim, or
cross-complaint; that the court erred in its first, sec-
ond, third, fourth, fifth, and sixth conclusions of law,
and in overruling the motions for a *venire de novo,* to
make the special findings of facts more specific, and
for a new trial.

The judgment in this case is based upon the para-
graphs of counterclaim, and it is from that judgment
appellants appeal to this court. The complaint is an
action for damages, and seeks the recovery of a money
judgment only; but the counterclaim, or cross-com-

plaint, upon which the judgment is based, seeks to enforce a lien upon specific personal property. Where a cross-complaint, or counterclaim, states facts that will make an actual controversy for an amount beyond the jurisdiction of a court, and if the amount in controversy does exceed that sum, the jurisdiction of the court is determined by such fact. Thus, in the case of *Wysor* v. *Johnson,* 1 Ind. App. 419, Black, C. J., speaking for the court said: "In determining the question of jurisdiction we cannot consider the sufficiency of the cross-pleading. Whether well pleaded or not, it introduces into the controversy an amount which so increases the amount otherwise in controversy that this court is deprived of jurisdiction." In the case at bar, the case turns wholly upon the cross-complaint, or counterclaim, which states such facts as entirely change the nature of the case as made by the complaint. Thus, it is said in Elliott's Appellate Procedure, section 64, "A counterclaim may not only create a controversy changing the dispute as to the amount, but it may also plead such facts as will radically change the nature of the case. While it is true that where a counterclaim or cross-complaint is filed the case remains in a general sense the same, yet it is also true that a counterclaim may introduce an issue into the case that will overshadow and control all others. This principle is asserted and enforced in the cases which adjudge that where a counterclaim presents a question of title it becomes the paramount issue and makes a case entitling a party to a new trial as of right." *Ex parte Sweeney,* 126 Ind. 583.

As we cannot consider the sufficiency of the cross-complaint, or counterclaim, in determining the question of jurisdiction, and as the judgment from which the appeal was taken, and which is based upon the counterclaim, or cross-complaint, decrees the foreclos-

ure of an equitable lien, the jurisdiction on appeal is not in this court. The case is, therefore, transferred to the Supreme Court.