Minshall, J.
Both these cases are before the court on a like motion, and will be considered in their order.
And first as to the case of Draper v. Clark: By the amendment of section 6710, Revised Statutes which was adopted and took effect April 25, 1898, the jurisdiction of this court to review a judgment of a lower court, except in certain specified cases of which this is not one, is limited to a judgment or final order, “in which is involved exclusive of interest and costs, the sum or value of more than three hundred dollars.” In the action below Joseph Clark recovered of the defendants, the sum of $225, damages, for injuries received by him' while in the employment of the defendants, caused by their negligence and for which he claimed $2,000 damages. The defendants prosecuted error in the circuit court where the judgment was affirmed;, and error is prosecuted in this court to reverse the’ judgments of both the lower courts; and the defendant in error, Clark, how moves to dismiss the petition on the ground that this court has no jurisdiction. We are of the opinion that the motion should be sustained. ;
The question is, jphat is involved in the judgment complained of. To determine this question the statute must be construed with reference to the party complaining of the judgment. Either party has the right to prosecute error- in- this court for- *338 the reversal of a judgment against him, when, as to him, a greater sum than $300 is involved in the judgment. It can make no difference to the defendant after judgment, that in the lower court a greater sum than $300, was claimed against him, if the recovery was for a less sum, and the plaintiff is content therewith; for in such case, the recovery of any greater sum is precluded by the judgment; hence no greater sum than the amount recovered is involved in the judgment so far as he is concerned; and, by reason of the amendment, this court has no jurisdiction to review the judgment at his suit. The case may be different, however, where the plaintiff below prosecutes error in this court for the reversal of a judgment for a sum less than $300 on a claim for more, affirmed by the circuit court. As to him the whole amount of his claim in the lower court is, in such case, in dispute; for if he can have the judgment of the circuit court and common pleas reversed, he may recover on a new trial a greater sum than on the former trial, if not the whole of his claim; and therefore as to him a greater sum than $300 is involved in the judgment complained of, where the amount recovered is $300 less than the amount claimed.
.. This is the construction that has been placed on the provision in the judiciary act of Congress, limiting the appellate jurisdiction of the Supreme Court of the United States, and adhered to with great uniformity from an early day. That provision is in substance much the same as the provision now limiting the appellate jurisdiction of this court, except as to the amount adopted as the limit;
In Gordon v. Ogden, 3 Pet., (U. S.), 34, it is said by Marshall, C. J;, “The jurisdiction of the court has been supposed to depend on the sum or value *339 of the matter in dispute in this court, not on that which was in dispute in the circuit court. If the writ of error be brought by the plaintiff below, then the sum which his declaration shows to be due may still be recovered, should the judgment for a smaller sum be reversed; and consequently the whole sum claimed is still in dispute. But if the writ of error be brought by the defendant in the original action, the judgment of this court can only affirm that of the circuit court, and consequently the matter in dispute cannot exceed the amount of that judgment. Nothing but that judgment is in dispute between the parties.” He further observes that ‘ ‘the reason of the limitation is, that the expense of litigation in this court ought not to be incurred, unless the matter in dispute in the circuit court exceeds two thousand dollars. The reason applies only to the matter in dispute in this court.” And the same may be said with as much, if not more, propriety of the language used in our own statute, where it is the sum or value “involved” in the judgment complained of that determines jurisdiction.
This case has been uniformly followed by the Supreme Court of the United States, as will appear from the following cases: Smith v. Honey, 3 Pet., 469; Knapp v. Banks, 2 How., 73; Pacific Express Co. v. Malin, 131 U. S., 394; Walker v. United States, 4 Wall., 163. A like construction has been given to similar statutes by the courts of the other states: Williams v. Wilson, 5 Dana (Ky.), 596; Tipton v. Chambers, 1 Met., (Ky.), 565; Winship v. Block, 96 Ind., 446; Railway Co. v. McDade, 111 Ind., 23. See also, 1 Myers Federal Decisions, from section 541 to section 614, where the decisions on the question are collected.
*340 ! The Ohio cases cited by counsel do not conflict With the view here taken. The court of common' pleas has jurisdiction in all civil cases where the sum or matter in dispute exceeds the exclusive original jurisdiction of justices of the peace, which is one hundred dollars; and it has been uniformly held that the amount claimed, and not the amount recovered, determines the jurisdiction of the common pleas. If it were otherwise, the absurd result would follow, that the court would be compelled to hear and determine a case on its merits, in order to •determine its jurisdiction. So here, under the amendment, this court determines its juridiction by considering the sum or value involved in the judgment complained of.
■' The result is, that where the plaintiff in error Will, according to his claim, from the judgment cbmplained of, sustain the loss of a sum or value greater than $300, the court has jurisdiction to review it; and as the only loss the defendant below can sustain, is the amount of the judgment against him, where this is less than $300, he cannot prosecute error to this court.
‘ We have said that our statute and that of the United States are substantially alike. There is, however,.one important difference in the language of' the two statutes, that may, so far as a plaintiff is- concerned, require a different construction. By the United States' statute the jurisdiction is determined by the amount of “the matter in dispute,”'' iff ours it is determined by the amount “involved” iff the “judgment” sought to be reviewed. Thé Federal Supreme'Couft has held, as will appear from the'cases cited, that the right of the plaintiff' to a review, depends upon the amount claimed in-his declaration. If this should • be held to be so¡ *341 under our statute, then, should a plaintiff sue fpr $301 dollars and recover $300 he might prosecute error to this court, although the amount, as to him, involved in the judgment complained of, is bqt one dollar. A more rational construction might be, that where a plaintiff sues for a sum greater than three hundred dollars, and recovers less than that sum, he may prosecute error to this court, where the difference between the sum recovered and the sum claimed, is greater than three hundred. The difference between his claim and the sum recovered, would seem to be the only sum involved in the judg-ment, and for which he could ask to have it reversed. Cases in which the plaintiff may desire to prosecute error from a judgment in his favor, that is but three hundred dollars less than his claim, will probably seldom arise; and it is possible that no case of this kind has come before the Supreme Court of the United States for its decision.
The question, however, here mooted in no way affects either of the motions before us, and is left for determination when it arises.
Hence the motion to dismiss in this case must be and is sustained.
As to the motion to dismiss for want of jurisdiction in the case of Caldwell v. Heintz, the action in the common pleas was brought by Catharine Heintz to recover of the defendants the sum of $5,000. She recovered a judgment for only $100. From this she prosecuted error in the circuit, court where the judgment was reversed and a new trial granted. The defendants prosecute error .in this court to obtain a reversal of that judgment. The motion must, we think, on the principles above stated, be overruled. By the reversal of the judg *342 ment of the court of common pleas the defendants below become again liable to a recovery for the full amount of the plaintiff’s claim. Hence the sum involved in the judgment of reversal is greater than three hundred dollars, and may be reviewed by this court.

Motion overruled.