## JOHN SPRINKLE v. SAMUEL TONEY ET AL.

*Amount of Appeal.*—It is the amount of the judgment appealed from and not the amount claimed by the plaintiff which determines the jurisdiction.

Filed May 19, 1881.

Appeal from Cass Circuit Court.

M. Winfield, for appellant, *Toledo, etc., R. R. Co.* v. *Lurch*, 23 Ind. 10, that a complaint must inform a defendant what is claimed; *Kratemeyer* v. *Brink*, 17 Ind. 509; *Newby* v. *Vestal*, 6 Ind. 412; *Stockhouse* v. *Doe*, 5 Blackf. 570, 1 Ind. 579, 7 Ind. 561; *Fall* v. *Hazeling*, 45 Ind. 576, to the effect that where one has a right of possession under a contract of purchase, he cannot be held liable in trespass, but only in an action *ex contractu* for not fulfilling his contract of purchase. *Heavilon* v. *Heavilon*, 29 Ind. 505, that a parol reservation of growing crops is valid, overruling *Turner* v. *Cord*, 23 Ind. 56 on this point.

Baldwin & Dykeman, for appellee, cited 56 Ind. 594, and cases

therein cited, to the effect that after verdict, the Supreme Court will, on appeal, presume allegations necessary to make a complaint good either in contract or in tort; 2 Greenl. on Eve. § 615, as to avoiding a right of possession by repudiating agreement, and thereby becoming a trespasser *ab initio; Kendel* v. *Judah,* 63 Ind. 293, as to filing bill of exceptions within time; *McKee* v. *State,* 52 Ala. 224, that a bill of exceptions is taken most strongly against the party excepting.

Opinion by Mr. Justice Elliott.

This action originated before a justice of the peace, where trial was had and judgment rendered for the appellee, Toney, for forty-five and $\frac{55}{100}$ dollars. Appellant appealed to the circuit court, where a trial was had, and a verdict and judgment rendered on the 25th day of January, 1878, in favor of appellee, for forty-five dollars. Trial was had since the act of March, 1877, went into force; the amount in controversy is less than fifty dollars; the action originated before a justice of the peace, and, therefore, this appeal will not lie.

It is true, that the complaint claims eighty dollars, but the judgment appealed from was for forty-five dollars, and with it, the appellee was content. The only amount in controversy, therefore, is the sum of forty-five dollars. The appellee is claiming the payment of that sum and no more, and the appellant is simply resisting payment of that sum, for nothing is claimed by way of counterclaim or set off. If the appeal fails, the appellee can get no more than forty-five dollars interest, and costs; if it succeeds, the appellant escapes payment of that sum, interest and costs. *Hallack* v. *Weller* (this term.) The appeal is dismissed at the costs of appellants.