Case 28—PETITION EQUITY—April 24.

# Pittman, &c., v. Wakefield.

APPEAL FROM FRANKLIN CIRCUIT COURT.

1. APPELLATE JURISDICTION.—Where the only issue is as to whether one has a lien on the land of another, or as to which of two lien-holders is entitled to priority, the title to land is not involved, and the Superior Court has jurisdiction of the appeal.

2. SAME—An appeal from an order confirming a commissioner's report of sale of land involves the title of the purchaser, and, therefore, the Court of Appeals has jurisdiction.

3. MATERIAL-MAN'S LIEN NOT LOST BY DELAY IN ENFORCING JUDGMENT FOR SALE OF LAND.—One who had obtained a judgment for the sale of land to satisfy a material-man's lien did not waive or abandon his lien by delay in enforcing the judgment, although he did not have the land sold until after the lapse of eight years from the date of the judgment, it being provided in the judgment that the land was not to be sold until ordered by the plaintiff, and that the case was to remain on the docket subject to all future orders. Nor did the plaintiff waive his lien by having his suit filed away, with leave to redocket; and as the defendant was duly notified that the land would be sold by the commissioner, he was not prejudiced by the failure to place the case on the docket.

4. SAME.—Where a material-man's lien has been perfected by a judgment for the sale of the land, the judgment is constructive notice to subsequent purchasers of the existence of the lien just as a recorded mort-

gage would be. Therefore, a mortgagee in this case, although he acquired his lien after the plaintiff's suit was filed away, was bound to take notice of the judgment enforcing plaintiff's lien, and can not complain that the land was sold under the judgment without the case being redocketed.

GEORGE C. DRANE for appellants.

1. The amount in controversy is sufficient to give jurisdiction of the appeal.

   The costs which are to be excluded in estimating the amount in controversy upon an appeal are the costs of the action in which the judgment appealed from was rendered, and not the costs included in an execution sought to be enjoined where the appeal is from a judgment dismissing the petition and dissolving the injunction. (Tribble v. Deatheridge, 10 Ky. Law Rep., 156.)

2. By the order *filing away* the parties went out of court, and until they are brought back, upon notice or summons, duly executed, authority to execute the order of sale, which must proceed from the court, can not be conferred upon any one. (Whailey v. Myers, 7 Ky. Law Rep., 758.)

3. The statute in relation to liens "in favor of mechanics, laborers and material-men" (Gen. Stats., chap. 70, sec. 8), which provides that such liens shall be deemed to have been dissolved, unless an action to enforce the same shall have been brought within twelve months, is not a statute of limitation to be pleaded in bar of the action, but is a limitation beyond which the lien does not extend. (Yeiser v. Todd, 6 Ky. Law Rep., 594.)

   Not only must the action be brought within the twelve months, but it must be brought with the intention in *good faith* to enforce the lien. That Wakefield did not bring his action *in good faith* to enforce his lien may be inferred from the subsequent proceedings.

4. Even conceding that the People's Homestead and Savings Association can be held to have had notice of the alleged lien, Wakefield, by his want of reasonable diligence in the prosecution of his suit, waived his priority. (Ehrman v. Kendrick, 1 Met., 146; Watson v. Wilson, 2 Dana, 406; Cook v. Clemens, 10 Ky. Law Rep., 604.)

5. The court, in any event, ought to have set aside the sale that had been made, and ordered a resale to satisfy both liens, putting the People's Homestead and Savings Association upon such terms as to costs as was reasonable and just to all parties.

JOHN L. SCOTT for appellee.

1. The amount in controversy is not sufficient to give jurisdiction of the appeal. (Wakefield v. Hawes, MS. Op., 1889.)

2. The court properly refused to redocket the case for the purpose of

Pittman, &c., v. Wakefield.

allowing the People's Homestead and Savings Association to become a party, the suit having been finally disposed of more than seven years before the association acquired its lien.

3. The well-settled doctrine of *lis pendens* governs this case, the judgment rendered in 1881 being constructive notice to all the world of Wakefield's lien.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

In 1881 the appellee obtained a judgment in the Franklin Circuit Court for a sale of so much of the lot of ground described in the petition as was sufficient to pay a material-man's lien for the sum of forty dollars, said materials having been furnished the appellant, Pittman, by the appellee, for the purpose of repairing the house on said lot, and a lien having been retained on said lot for the payment of said sum. In the judgment it was provided that the sale was not to be enforced unless it was so directed by the appellee, and the case was to remain on the docket for all further orders. The case did remain on the docket, without sale, until 1885, in which year it was ordered that it be filed away, "subject to being redocketed."

In 1889, upon notice to the appellant, Pittman, but without the case having been redocketed, the lot was sold under the said judgment of 1881, and the appellant, Herndon, became the purchaser. Between the times of filing said case away and the sale of the land under said judgment, the People's Homestead and Savings Association received a mortgage on said lot from the appellant, Pittman, to secure a loan of two hundred dollars. The appellant, Pittman, filed exceptions to the report of sale upon the ground that the appellee had lost his lien by delay, and the appel-

lant, Herndon, having refused to execute bond in response to a rule, contended that the appellee had lost his lien by delay, and that the People's Homestead and Savings Association, by reason of the appellee's delay, and its taking said mortgage for value, and without notice of the appellee's lien, acquired a lien on said lot superior to that of the appellee. The People's Homestead and Savings Association also, by petition, set up substantially the same grounds of defense, and asked that its lien be declared superior t6 that of the appellee.

The title of the appellant, Pittman, to said lot is nowhere put in issue. His title is conceded. The validity of the appellee's lien is admitted, as is the judgment foreclosing that lien. The validity of the lien of the People's Homestead and Savings Association is also admitted. The only question to be decided is, has the appellee's lien been dissolved or been postponed to that of the Association by reason of the laches or conduct of the appellee, occurring after he had obtained his judgment of foreclosure. This inquiry does not involve the title to real estate, as far as the appellants, Pittman and the Association, are concerned, in the sense of depriving the Superior Court of jurisdiction to try the issue. The question may be illustrated by the case of the levy of two executions, each in favor of different persons, and against the same person upon the latter's tract of land, and the question arises as to the priority or waiver of lien resulting from the laches of the one or the other, would it be contended that the Superior Court had not jurisdiction to try this issue as to

the priority of the lien, or the issue as to the waiver of lien resulting from the laches of either party? We think not. The reason is, that the title is not involved, but merely the question of priority of liens upon that title, resulting from the fact of levy, or laches on the part of the party having the older levy in proceeding to execute the same.

But the question involved as to the appellant, Herndon, is one of title. The property, at the decretal sale, was struck off to him as the best bidder, and the appellee seeks to hold him to his purchase. He contends that no title was sold, or, if it was sold, it was subject, by reason of the laches of the appellee, to the mortgage lien of the People's Homestead and Savings Association, and he, by reason thereof, could not get a clear title under his purchase. By reason of this issue of title this court has jurisdiction of the case.

As said, the appellee's lien and judgment foreclosing the same were proper. That judgment remained on the docket until some time in the year 1885 unexecuted. The judgment was notice to all parties, that might be concerned, of its contents, which were that the appellee had acquired a material-man's lien on said property, and that the land was adjudged to be sold to satisfy the same; but it was not to be sold unless ordered by the appellee, and the case was to remain on the docket, subject to all future orders. So the case remaining on the docket was perfectly consistent with the idea that the judgment remained unsatisfied, and appellee looked to his right to have the land sold under it to satisfy his judgment debt.

This was certainly sufficient notice to the appellant, the People's Homestead and Savings Association, to put it on its guard, and make it a mortgagee, as far as the appellee was concerned, subject to appellee's judgment. So, also, the filing of the case away, with the privilege of redocketing the same, indicated to said appellant that the judgment was yet unsatisfied, and the appellee reserved the right to resort to the sale of the land for the purpose of satisfying it. There was nothing in this proceeding calculated to deceive and mislead the appellant, and unless the conduct of the appellee had that effect upon the appellant, the latter can not complain. The appellee's statutory lien had ripened into a judgment lien, and all the proceedings thereafter had on said judgment showed, with reasonable certainty, that the same was not satisfied, and the appellee looked to its execution in the way of a sale of the land to satisfy it. It seems that the appellant had as much reason to believe that the appellee had not abandoned this judgment lien as if the appellee had held a lien by a recorded mortgage, and the same had remained without any proceedings thereon for a number of years after its maturity. In the latter case the prior recorded mortgage would be good as against the junior mortgage for fifteen years after the maturity of the former. The mere supineness or non-action of the holder of the senior mortgage would not be such laches as to give the junior mortgagee priority of right over him; but any action of his that would induce the holder of the junior mortgage, as a person of ordinary prudence, to believe that his mort-

gage had been satisfied or abandoned, and cause him to take the junior mortgage, which he otherwise would not have done, would be a fraud upon the junior mortgagee, and the lien of the senior mortgagee would be postponed to the lien of the junior mortgage. But the conduct of the appellee in this case should not be construed as calculated to create the belief that the judgment debt had been satisfied, or that the judgment lien had been abandoned. On the contrary, his conduct not only indicated that the judgment lien was still looked to, but it certainly was sufficient to put a person of ordinary prudence upon further inquiry in regard to that matter, and the appellant should have made such inquiry.

The appellant, Pittman, was duly notified that the land would be sold by the commissioner, and it does not appear that his interest suffered by reason of the failure to place the case on the docket. For these reasons he should not be heard to complain. The other appellants certainly have no ground of complaint.

The judgment is affirmed.