Ex Parte Andrew M. Sweeney, Clerk.

## Ex Parte Andrew M. Sweeney, Clerk, in the Matter of Transferring Cases to the Appellate Court.

APPELLATE COURT.—*Jurisdiction.*—*Supreme Court.*—Where the exercise of appellate power is invoked by appeal, the jurisdiction is in the Supreme Court in all cases except those specified in the act creating the Appellate Court. If the case is one of appellate cognizance, and does not fall within one of the classes over which the Appellate Court is given jurisdiction, it is within the jurisdiction of the Supreme Court.

SAME.—*Constitutionality of Statute.*—Where the constitutionality of any statute, Federal or State, is in issue, the jurisdiction is exclusively in the Supreme Court.

SAME.—*Jurisdiction of Subject-Matter.*—*Consent of Parties.*—Jurisdiction of the subject-matter can not be conferred by agreement or assertion of parties or counsel; it must be given by law.

SAME.—*Validity of Statute.*—*Question, How Presented.*—A mere allegation in the pleading that a statute is unconstitutional will not present the question of its validity; it must appear from the record that there is a substantial foundation for the allegation.

SAME.—*Misdemeanors.*—*Felonies.*—Appeals from the circuit, superior and criminal courts in cases of misdemeanors are within the jurisdiction of the Appellate Court, but the Supreme Court has jurisdiction of appeals in cases of prosecution for felonies, the jurisdiction of that class of cases remaining unchanged.

SAME.—*Cases Originating before Justice of the Peace.*—*Amount in Controversy.*—The Appellate Court has jurisdiction of all cases originating before a justice of the peace where the amount in controversy, exclusive of costs, exceeds fifty dollars. The amount in controversy is to be determined from the record and the material parts of the pleading, and not from the formal demand for judgment.

SAME.—*Cases for Recovery of Money Only.*—*Amount in Controversy.*—*How Determined.*—The Appellate Court has jurisdiction of "all cases for the recovery of money only where the amount in controversy does not exceed one thousand dollars." All money recoveries, whether in actions on contract or for torts, belong to the class designated by the provisions fixing the amount of one thousand dollars as the limit of the jurisdiction. If the recovery does not exceed the limit of one thousand dollars, and is for money only, the jurisdiction is, as a general rule, in the Appellate Court, although interest accruing subsequent to the judgment may increase the amount which the judgment will yield beyond one thousand dollars.

126 583
126 598
127 402

126 583
128 37
128 323
129 536
129 559

126 583
131 597
132 84
133 265

126 583
135 23
135 45

126 583
150 62

126 583
154 369

126 583
163 208
163 598

126 583
f166 603

SAME.—Where there is a recovery which does not exceed one thousand dollars, and a simple money judgment is rendered, the case, as a general rule, will fall to the Appellate Court. Where, however, there is a recovery with which the plaintiff is content, and there is no counterclaim, the judgment is the standard by which jurisdiction is to be determined.

SAME.—*No Recovery.—Demurrer Sustained to Complaint.*—Where there is no recovery, as in cases where a demurrer is sustained to the complaint, the amount is not to be determined from the formal demand for judgment, but from the body of the pleading.

SAME.—*Doubt as to Amount of Recovery.—Cross-Complaint and Counter-Claim.*—If from the material statements of a complaint there is a probability that more than one thousand dollars may be recovered upon trial, the jurisdiction in a case where a demurrer is erroneously sustained to a complaint is in the Supreme Court. If a cross-complaint or counterclaim is filed making a real controversy for a sum exceeding one thousand dollars, the jurisdiction is ordinarily in the Supreme Court.

SAME.—*Equitable Actions.*—Suits in equity are not within the jurisdiction of the Appellate Court, for where any relief beyond a money recovery is demandable, or is awarded, the whole case falls to the Supreme Court, although a money judgment may be included in the decree.

SAME.—*Actions for Recovery of Specific Personal Property.*—All actions for the recovery of specific personal property are within the jurisdiction of the Appellate Court.

SAME.—*Actions Between Landlord and Tenant.*—The Appellate Court has jurisdiction of all actions between landlord and tenant for the recovery of the leased premises. All actions for the recovery of real property where the relation of landlord and tenant does not exist, or where the recovery of the demised property is not sought, are within the jurisdiction of the Supreme Court.

SAME.—*Appeals from Orders Allowing or Disallowing Claims Against Decedents' Estates.*—The last class of cases designated in the act does not embrace general probate matters, but is confined to orders allowing or disallowing claims against decedents' estates. Actions to contest wills, applications for the appointment or removal of administrators, and like cases, are not embraced within it.

ELLIOTT, J.—The petition of the clerk requires an examination of the act approved February 28th, 1891, creating an Appellate Court.

The petition of the clerk requires an examination of the act approved February 28th, 1891, creating an Appellate Court.

Ex Parte Andrew M. Sweeney, Clerk.

It is so evident that the act recognizes the general and superior appellate jurisdiction of the Supreme Court that little else is required than the bare statement that the appellate authority not expressly or impliedly vested in the newly created tribunal remains, where the Constitution and the law place it, in the Supreme Court of the State. The act does not assume to define appellate jurisdiction generally; it simply assumes to define the jurisdiction of the Appellate Court; thus leaving all the appellate jurisdiction not conferred upon that tribunal in the original court of appellate jurisdiction. It carves out of the general appellate jurisdiction of the State a part and transfers it to the court it creates. It takes from a great field designated parts, leaving all other parts where they originally belonged. What is not expressly, or by necessary implication, transferred to the new tribunal abides in the old. Where, therefore, the exercise of appellate power is invoked by appeal, the jurisdiction is in the Supreme Court in all cases, except those specified in the act. In other words, if the case is one of appellate cognizance, and it does not fall within one of the classes over which the Appellate Court is given jurisdiction, it is within the jurisdiction of the Supreme Court. This principle must rule in giving a construction to the act, and hence it is only necessary to ascertain and decide what classes of cases are declared to be within the jurisdiction of the newly created court.

It is not our purpose, we may say by way of preface, to do more than outline the classes of cases which fall within the jurisdiction of the Appellate Court, and are required to be transferred to its docket; for it is probable that cases may arise which can not be classified without a more thorough consideration and investigation than it is now proper or necessary for us to give the subject.

It will conduce to clearness and certainty to affirm, at the outset, that no constitutional question can be entertained or decided by the Appellate Court, for the provisions of section one exclude such questions from its jurisdiction. Where,

therefore, the constitutionality of any statute, Federal or State, is in issue, the jurisdiction is exclusively in the Supreme Court. In classifying and outlining, as we shall presently do, the classes of cases of which the Appellate Court is given jurisdiction, we proceed from first to last upon the theory that no case in which the validity of a statute is involved is within the jurisdiction of that court. What we say is always to be taken as meaning that the classes named are within its jurisdiction except where a constitutional question is involved. Although we do not note the exceptions in naming each class, it is to be understood that each class is subject to the exception. This course we adopt, it may be said by way of explanation, to obviate the necessity of repeating, as each class is outlined, the proposition that it is subject to the exception created by the clause excluding from the jurisdiction of the Appellate Court all constitutional questions. It may also be said, although a little aside from our direct path, that we do not intimate, directly or indirectly, any opinion upon the question whether the Legislature can take from the highest constitutional court of the State the authority to pronounce the ultimate judgment upon the constitutionality of statutes.

As we have entered upon the subject of cases involving the validity of statutes it is, perhaps, quite as well to continue its consideration so far as to indicate the instances in which such a question can be regarded as presented by the record. It must, of course, be presented by the record brought to the court, for appellate courts have jurisdiction of such questions only as the record presents. Neither by agreement nor by assertion of parties or counsel can jurisdiction of a subject be conferred upon a court, for jurisdiction of the subject invariably comes from the law. *Board, etc.*, v. *Newman*, 35 Ind. 10; *Crane* v. *Farmer*, 14 Col. 294; *Smith* v. *Myers*, 109 Ind. 1; *Robertson* v. *State, ex rel.*, 109 Ind. 79; *Doctor* v. *Hartman*, 74 Ind. 221; *Trotter* v. *Neal*, 50 Ark. 340.

Ex Parte Andrew M. Sweeney, Clerk.

It is not enough that the pleadings allege that the validity of a statute is challenged, for it must appear from the record that there is a substantial foundation for the allegation. The appellate' system of Illinois is, in some respects, similar to ours, and the subject we are here dealing with has been discussed by the Supreme Court of that State. In the case of *Chaplin* v. *Commissioners of Highways*, 126 Ill. 264 (274), it was said : " We are of the opinion that the pleadings and decree present a question as to the validity of a statute. While the mere allegation in a pleading that a given statute is unconstitutional will not necessarily raise a question as to the validity of such statute, yet, where it can be seen that the constitutional question raised is one which may be fairly regarded as debatable, we think the question of the validity of a statute becomes involved in the case, within the meaning of the statute regulating jurisdiction of appeals."

Without attempting to further definitely mark out the mode in which the question must be presented, we affirm that the outline given by the court in the opinion quoted, and in what we have said is correct in its general scope and essential features.

It is at present unnecessary to do more than consider and construe section one of the act; and in giving it a construction we shall not attempt to go into details, but shall simply indicate the general lines which form the boundaries of the jurisdictional field of the Appellate Court.

The section of the act referred to, in so far as it is relevant to the subject with which we are immediately concerned, reads thus : ' The name of said court shall be the Appellate Court. It shall consist of five judges, and have exclusive jurisdiction of all appeals from the circuit, superior and criminal courts, in cases of misdemeanor, cases originating before a justice of the peace, where the amount in controversy exceeds fifty dollars, exclusive of costs ; all cases for the recovery of money only where the amount in controversy does not exceed one thousand dollars, and all cases for the recov-

ery of specific personal property; actions between landlord and tenant for the recovery of the possession of the leased premises, and in all cases of appeals from orders allowing or disallowing claims against decedents' estates. In all such cases the decision of the appellate court shall be final: *Provided, however*, That if the validity of any statute of this State, or of the United States, is involved, said court shall so certify, and thereupon the transcripts, with all the papers in such cause, shall be transmitted to the Supreme Court with such certificate, and filed therein, and in all proceedings conducted thereafter as if said cause had been originally appealed to the Supreme Court."

It is simply repeating, in another form of words, the provisions of the act, to declare, as we do, that prosecutions in cases of misdemeanors are within the jurisdiction of the Appellate Court. Such cases form the first class. Appeals from judgments rendered in cases of prosecution for felonies fall within the jurisdiction of the Supreme Court, inasmuch as jurisdiction of that class of cases remains untouched.

The second class of cases over which the appellate court is given jurisdiction embraces all cases which originated before a justice of the peace wherein the amount in controversy, exclusive of costs, exceeds fifty dollars. It may, perhaps, be said, with relevancy and propriety, that under the uniform decisions of this court the amount in controversy is to be determined from the record and the material parts of the pleading, and not from the formal demand for judgment. *Cincinnati, etc., R. W. Co.* v. *McDade*, 111 Ind. 23; *Winship* v. *Block*, 96 Ind. 446; *Parsley* v. *Eskew*, 73 Ind. 558; *Wagner* v. *Kastner*, 79 Ind. 162; *Baltimore, etc., R. R. Co.* v. *Johnson*, 83 Ind. 57; *Galbreath* v. *Trump*, 83 Ind. 381; *Breidert* v. *Krueger*, 76 Ind. 55; *Sprinkle* v. *Toney*, 73 Ind. 592.

The third class of cases is thus designated: "All cases for the recovery of money only where the amount in controversy does not exceed one thousand dollars." It is clear

that all money recoveries, that is, all cases where the entire recovery sought or obtained is money, whether in actions on contract or for torts, belong to the class designated by the provisions fixing the amount of one thousand dollars as the limit of the jurisdiction. If the recovery in the trial court does not exceed that limit, and is for money only, then the jurisdiction is, as a general rule, in the Appellate Court, although interest accruing subsequent to the judgment may increase the amount which the judgment will yield beyond one thousand dollars. This is the doctrine of many of the cases last referred to, and it is in accordance with principle. Matters of the character indicated, which arise subsequent to the judgment, can not affect the question of jurisdiction. *Bank* v. *Daniel*, 12 Pet. 32; *Walker* v. *United States*, 4 Wall. 163; *Elgin* v. *Marshall*, 106 U. S. 578; *Bruce* v. *Manchester, etc., R. R. Co.*, 117 U. S. 514.

The decisions upon the statute fixing the jurisdiction of the common pleas court that once formed part of our judicial system are not without force upon the phase of the question presented by the inquiry as to the effect of the nature of the action, for those decisions affirm that, no matter what is the character of the action wherein only a money recovery is sought, or is obtainable, if the amount is within the limit, jurisdiction exists. *McCole* v. *State, ex rel.*, 10 Ind. 50; *Hawkins* v. *State, ex rel.*, 24 Ind. 288.

Where, therefore, there is a recovery which does not exceed one thousand dollars and a simple money judgment is rendered, the case, as a general rule, will fall to the Appellate Court. Where, however, there is a recovery with which the plaintiff is content, and there is no counter-claim, the judgment is the standard by which jurisdiction is to be determined. *Sprinkle* v. *Toney, supra; Louisville, etc.. R. W. Co.* v. *Coyle*, 85 Ind. 516; *Alabama, etc., Life Ins. Co.* v. *Nichols*, 109 U. S. 232; *First Nat'l Bank* v. *Redick*, 110 U. S. 224.

But where there is no recovery, as, for instance, where a

demurrer is sustained to a complaint, there is real difficulty in determining where the jurisdiction resides. It seems, however, that, under the decisions referred to in considering the second class of cases over which the Appellate Court has jurisdiction, the amount is not to be determined from the formal demand for judgment, but from the body of the pleading. This is the doctrine of the Supreme Court of the United States. *Lee* v. *Watson,* 1 Wall. 337.

It seems, also, that where there is a fairly debatable question regarding the amount in controversy, the jurisdiction is in the Supreme Court, since this conclusion harmonizes with the doctrine upon the subject of the jurisdiction of constitutional questions, as well as with the foundation principle that cases not taken from the Supreme Court remain within its jurisdiction. It follows that if, from the material statements of a complaint, there is a probability that more than one thousand dollars may be recovered upon trial, then the jurisdiction, in a case where a demurrer is erroneously sustained to a complaint, is in the Supreme Court. If a cross-complaint or counter-claim is filed making a real controversy for a sum exceeding one thousand dollars, the jurisdiction is, ordinarily, in the Supreme Court. *Ryan* v. *Bindley,* 1 Wall. 66.

More than one thousand dollars may, in some cases, be in actual controversy, although the verdict may be in favor of the plaintiff for a less sum. *Wilson* v. *Daniel,* 3 Dall. 401.

But this phase of the question as presented by the clause last quoted we shall leave without further suggestions or comment, not assuming to anticipate cases of a peculiar character which may arise.

Turning to another phase of the question presented by the clause " all cases for the recovery of money only," we find that it is money recoveries, and money recoveries only, that are embraced within its terms. The words employed, even excluding the adverb " only," which is by no means without influence, very clearly confine the jurisdiction of the Appel-

late Court to actions where no other relief than a money recovery is demandable as of right. Suits in equity are, therefore, not within the jurisdiction of the Appellate Court, for, where.any relief beyond a money recovery is demandable, or is awarded, the whole case falls to the Supreme Court, although a money judgment may be included in the decree. It is an ancient rule, illustrated by many cases, that if a court obtains jurisdiction for one purpose it will retain it for all purposes. *Albrecht* v. *C. C. Foster Lumber Co., ante*, p. 318; *Field* v. *Holzman*, 93 Ind. 205, and cases cited; *Wood* v. *Ostram*, 29 Ind. 177.

This rule has been applied to appeals. *Feder* v. *Field*, 117 Ind. 386; *Pittman* v. *Wakefield* (Ky.), 13 S. W. Rep. 525.

If this were not the rule we should have the strange anomaly of one court deciding one part of a case and another court deciding another part of the same case. It results from the rule we lay down that jurisdiction of all cases of purely equitable cognizance remains in the Supreme Court. Suits for injunction, for the specific performance of contracts, for the rescission of contracts, and, indeed, all cases of like character fall within the rule stated, and the Appellate Court has no jurisdiction over them. Within this rule fall all suits for the foreclosure of liens against real property, whether mortgage liens, vendor's liens or liens of a different class, provided, of course, that they are such as can only be enforced specifically. If there is a decree establishing or enforcing a lien against land the case is within the jurisdiction of the Supreme Court, for all such cases are cognizable in equity. *Albrecht* v. *C. C. Foster Lumber Co., supra*, and cases cited.

It must, of course, appear from the material allegations of the pleadings, or the recitals of the record, that an element is present making the case something more than one for the recovery of money only.

The clause of the act designating the fourth class of cases over which the Appellate Court is given jurisdiction is very broad and comprehensive. Within its sweep seem to fall all

actions of replevin, whatever may be the value of the property in controversy; and if so, all such actions are appealable to the Appellate Court. *Hall* v. *Durham*, 113 Ind. 327.

It may be, however, that some actions for the recovery of specific personal property may possess features of such an unusual nature as to take them out of the general rule ; but this precise question we shall not now undertake to determine. It is sufficient for our immediate purpose to adjudge that the general rule is, that all actions for the recovery of specific personal property are within the jurisdiction of the Appellate Court, thus leaving for future consideration the question whether there are, or are not, exceptions to the general rule.

The fifth class of cases is designated as all " actions between landlord and tenant for the recovery of the possession of the leased premises." It is obvious that two things must concur to give the Appellate Court jurisdiction in this class of cases : (1) The relation of landlord and tenant must exist, and (2) the action must be for the recovery of demised property. All actions for the recovery of real estate where these two elements do not exist are within the jurisdiction of the Supreme Court. The jurisdiction of that court in actions affecting the title to real property, or the possession of such property, is very extensive, for it includes all classes of cases of that general character, and embraces all estates and interests in lands, saving only cases where the interest or estate arises out of the relation of landlord and tenant. Nor is it entirely clear that there may not be exceptional cases even where that relation does exist within the jurisdiction of the Supreme Court, as, for instance, cases where some relief in addition to that of the recovery of possession is sought. But we shall not now do more than suggest the general rule.

The sixth class of cases is very clearly marked and defined by the language employed. The class of cases designated is a very limited one, for it does not embrace general probate

matters. It is confined to orders allowing or disallowing claims against decedents' estates, and does not embrace actions brought to contest wills, suits for the construction of wills, applications for the appointment or removal of administrators or executors, or, indeed, any cases of a similar character. Nor is the demand of an heir, legatee or devisee within the scope of the provision mentioned, for those provisions embrace only claims made by creditors.

The clerk will make the transfer of cases to the Appellate Court, as required by section 19 of the act, under the rules laid down in this opinion.

In the event that any case transferred under this order shall, upon examination, be found to belong to the docket of the Supreme Court, it shall, under the provisions of section 25 of the act, be returned to the docket of this court.

Filed March 10, 1891.