No. 16,764.

RAUH, ADMINISTRATOR, *v.* WEIS ET AL.

APPEAL.—*Transfer of to Appellate Court.* — *Cause for.*—*Decedent's Estate.*— *Claim.*—*Recovery of Personal Property.* — *Jurisdiction.*—Where an appeal was taken from an order and judgment of the Circuit Court directing the plaintiff to dismiss the suit at his own cost, to turn over two promissory notes in his hands to the appellees, as part of their distributive share of the estate, and to file within ten days his final report as such administrator, an appeal was taken to this court; appellees filed a motion to transfer the case to the Appellate Court.

*Held,* that the case does not fall within any of the provisions of the statute giving jurisdiction to the Appellate Court; that claims referred to in the jurisdictional act are such as are required to be filed against the decedent's estate, and to be entered upon the allowance docket and transferred to the issue docket for trial.

*Held,* also, that actions for the recovery of specific personal property, as mentioned in the jurisdictional act, has reference to actions of replevin.

From the Marion Circuit Court.

*W. F. A. Bernhamer, F. J. Van Vorhis* and *W. W. Spencer,* for appellant.

*A. C. Ayres* and *A. Q. Jones,* for appellees.

MILLER, C. J.—The appellees have filed and submitted a motion for the transfer of this case to the Appellate Court.

The appeal is from an order and judgment of the Circuit Court directing the appellant to dismiss, at his own costs, an action instituted by him in the Marion Superior Court for the foreclosure of a mortgage; to turn over two promissory notes in his hands to the appellees, as part of their distributive shares of the estate; and to file, within ten days, his final report as such administrator.

In our opinion this case does not fall within any of the provisions of the statute giving the Appellate Court jurisdiction of this appeal.

That court is given jurisdiction " in all cases of appeals from orders allowing or disallowing claims against decedents' estates." Acts of 1891, p. 39, section 1.

The L., E. & St. L. Consolidated R. R. Co. *et al. v.* Utz, Admr.

The claims allowed or disallowed, referred to in this act, are, we think, such claims as are required to be filed against decedents' estates and entered upon the allowance docket, and transferred to the issue docket for trial (Elliott's Supp. sections 385 to 389), and does not embrace general probate matters. *Ex parte Sweeney, Clerk,* 126 Ind. 583 (592). · This action was not one brought for "the recovery of specific personal property" as mentioned in the act under consideration. That evidently refers to actions of replevin for the direct and immediate recovery of the possession of personal property. This action only seeks, as part of the relief sought, to affect the disposition of the promissory notes, by controlling the action and conduct of the administrator in the discharge of the duties of his trust. *Ex parte Sweeney, supra.*

Motion to transfer overruled.

Filed December 21, 1892.