No. 15,138.

THE CINCINNATI, INDIANAPOLIS, ST. LOUIS AND CHICAGO
RAILROAD COMPANY *v.* GRAMES.

APPELLATE COURT.—*Jurisdiction.—Money Demand.—Interest.*—In determining the jurisdiction of the Appellate Court, on an appeal from a judgment rendered on a money demand, interest should not be computed upon the judgment rendered by the court below.

From the Clinton Circuit Court.

*J. T. Dye, B. K. Elliott, W. F. Elliott, A. Baker* and *E. Daniels,* for appellant.

*P. H. Dutch, J. G. Adams* and *A. C. Harris,* for appellee.

COFFEY, C. J.—Section 1, of an act of the General Assembly, approved February 16, 1893, page 29, entitled an act to amend sections 1, 23 and 25, of an act creating an Appellate Court, etc., provides that such Appellate Court shall have jurisdiction in all actions seeking the recovery of a money judgment only, where the amount in controversy, exclusive of costs, does not exceed thirty-five hundred dollars.

Cincinnati, Indianapolis, St. Louis and Chicago R. R. Co. *v.* Grames.

The amount of recovery in this case being three thousand dollars, under the provisions of the above named act, it was transferred from this court to the Appellate Court.

This is a motion by the appellee to reinstate the cause upon the docket of this court, upon the ground that the accumulated interest, when added to the judgment rendered by the circuit court, exceeds the sum of thirty-five hundred dollars.

In determining the jurisdiction of the Appellate Court, under this provision of the statute, we are of the opinion that interest should not be computed upon the judgment rendered by the court below.

If this were the rule, the Appellate Court would have jurisdiction of a cause to-day, and to-morrow it would lose it, by reason of the accumulation of interest.

It might commence the consideration of a cause, over which it had jurisdiction, and before a conclusion was reached, jurisdiction might be lost. This would be a result never contemplated by the General Assembly.

In *Ex parte Sweeney*, 126 Ind. 583, it was said, by this court: "If the recovery in the trial court does not exceed that limit ($1,000), and is for money only, then the jurisdiction is, as a general rule, in the Appellate Court, although interest accruing subsequent to the judgment may increase the amount which the judgment will yield, beyond one thousand dollars."

This, we think, announces the true rule, and is in accord with many previously adjudicated cases, among which are *Knapp* v. *Banks*, 2 How. (U. S.) 72; *Walker* v. *United States*, 4 Wall. 163; *Elgin* v. *Marshall*, 106 U. S. 578.

The motion to reinstate this cause upon the dockets of this court is overruled.

Filed March 16, 1893.