RICHARDS *v.* REEVES ET AL.

[No. 2,047.    Filed May 28, 1897.]

APPELLATE COURT.—*Jurisdiction.*—*Foreclosure of Equitable Lien.*— Where by the terms of a deed a certain sum of money is made a charge upon the real estate conveyed, a suit to collect the money and foreclose the lien is an equitable proceeding, and the Appellate Court has no jurisdiction of an appeal from a judgment granting such relief.

From the Sullivan Circuit Court.    *Transferred to the Supreme Court.*

*John S. Bays,* for appellant.

*Briggs & Lindley,* for appellees.

WILEY, C. J.—One Sarah J. Thompson was the owner in fee of the northwest quarter of the northeast quarter, section twenty-four, township eight, range nine, in Sullivan county, Indiana, and on the 9th day of September, 1879, conveyed the same by warranty deed to the appellant, John R. Richards, who was her son, her husband joining with her in the deed. The consideration expressed in the deed was $1, love and affection, and the further consideration, as expressed in the deed as follows: "The further consideration of this conveyance is that the said John Richards, his heirs or assigns, shall pay, or cause to be paid, to Tabor I. Furnish, Julia A. Furnish, and William C. Furnish, grandchildren of the said Sarah J. Thompson, each the sum of one hundred dollars ($100) on the arrival of each of them respectively at the age of twenty-one years." The deed further recites that "The grantors herein reserve the use and control, rents and profits of said premises during their natural lives or the life of either of them."

The appellees, who were the plaintiffs below, brought their action against the appellant upon the condition of the deed hereinbefore quoted to recover the respective amounts alleged to be due them, averring that they had each arrived at the age of twenty-one years; that the said Sarah J. Thompson and her husband had each departed life. The prayer of the complaint is as follows: "Wherefore, plaintiffs pray judgment as follows: For the plaintiff, Julia A. Reeves, in the sum of two hundred dollars, for said Tamar I. Todd in the sum of two hundred dollars, and for said William Claude Furnish, in the sum of one hundred and fifty dollars; that their liens on said land be foreclosed and said land be ordered sold for the payment of said liens and for all other relief in law and equity." A copy of the deed referred to is filed with the complaint as an exhibit, and one James M. Hummel was

made a party to the proceedings, and the complaint alleged that the title to said real estate was in him.

The appellant Richards filed an answer in said cause in the second paragraph of which he averred that said deed from his mother to himself had been revoked and rescinded and, therefore, he was not liable to the appellees under the provisions of said deed. To this paragraph of answer a demurrer was sustained, and the appellant refusing to plead over, judgment was rendered against him for the respective amounts found to be due the appellees.

The court found that there was due Julia A. Reeves, $118.25, Tamar I. Todd, $137.50, and William C. Furnish, $102, and that each of said sums was a lien on the real estate described in the complaint, and that the appellees were entitled to have their respective liens foreclosed against said real estate. The judgment, as pronounced by the court, is as follows: "It is therefore, ordered, adjudged, and decreed by the court that the plaintiff Julia Amanda Reeves recover of and from said John R. Richards the sum of one hundred eighteen dollars and twenty-five cents ($118.25); that said Tamar Isabelle Todd recover of and from said Richards the sum of one hundred thirty-seven dollars and fifty cents ($137.50); that William Claude Furnish recover of and from said Richards the sum of one hundred two dollars ($102), all with six per cent. interest from this day, and all costs of this suit, and all collectible with relief, and to the rendition of said judgment that said John R. Richards at the time excepts; that the respective liens of the plaintiffs for said sums due them respectively be foreclosed as against both the defendants to this suit, and all persons claiming through or under them or either of them, upon the following real estate described in the complaint, to wit: [Then follows the description of the real estate] and that, after exhausting the property of said Richards, said real estate be sold to satisfy said sums, with costs, as other lands are sold on execution, with relief from valuation or appraisement laws, for the

satisfaction of said sums and costs as may remain due after first exhausting the property of said Richards subject to execution, etc."

This court assumed jurisdiction of the case, and on the 16th of December, 1896, the judgment of the lower court was affirmed, the opinion of the court having been written by Lotz, C. J., and is reported in 45 N. E. 1624. Subsequently a petition for a rehearing was filed and granted. From the prayer of the complaint, which designates the character of the action and the judgment rendered, we are clearly of the opinion that this court has not jurisdiction to determine the questions here involved. This is not an action in which appellees are "seeking the recovery of a money judgment only," but it is the prayer of their complaint to have the respective amounts found to be due them declared to be a lien on the real estate described in the complaint; and the judgment is that the amounts found due are liens thereon, and the land is ordered sold to satisfy such liens. It is a suit in equity to enforce an equitable lien. In *ex parte Sweeney*, 126 Ind. 583, in construing subdivision 3, of section 1 of the amendatory act of February 16, 1893, it was said: "The words employed even excluding the adverb 'only' which is by no means without influence, very clearly confine the jurisdiction of the Appellate Court to actions where no other relief than a money recovery is demandable as of right. Suits in equity are, therefore, not within the jurisdiction of the Appellate Court, for where any relief beyond a money recovery is demandable or is awarded, the whole case falls to the Supreme Court, although a money judgment may be included in the decree."

In the case now under consideration, appellees are asking, and the court below decreed to them, "relief beyond a money recovery." They asked that the amounts found due them respectively be declared a lien upon certain real estate, and the prayer of their complaint was granted. A decree was entered declaring the amounts found due appellees to be liens

upon the real estate, and ordered said real estate to be sold to satisfy the same. A reasonable construction of that part of the deed directing appellant to pay to each of appellees $100 upon their arriving at the age of twenty-one years, will lead us to the conclusion that the grantor, Mrs. Thompson, intended to make such payments a charge upon the real estate described in the deed. She conveyed the land to her son, the appellant, leaving in his hands, for the use of the appellees, the money for which they sued, part of the purchase price to be paid them according to the terms of the deed. In our judgment, the case is clearly one of equitable cognizance, and this court is without jurisdiction in the premises. The appeal is, therefore, ordered transferred to the Supreme Court.