## McFadden v. Rhodes et al.

[No. 2,582. Filed March 10, 1898.]

Appeal and Error.—*Jurisdiction.*—Under the provision of section 1336, Burns' R. S. 1894, that the Appellate Court has no jurisdiction of causes originating before a justice of the peace in which the amount in controversy exclusive of interest and costs does not exceed fifty dollars, the Appellate Court in determining the amount in controversy is not limited to the prayer of the complaint, but may examine the entire record for such purpose, and the fact that plaintiff amended his complaint in the circuit court, increasing his demand to more than fifty dollars will not give the Appellate Court jurisdiction where the evidence of the plaintiff on the trial showed the amount due him to be less than fifty dollars.

From the Shelby Circuit Court. *Appeal dismissed.*

*Adams & Carter* and *J. B. McFadden*, for appellant. *David L. Wilson, Will A. Yarling, K. M. Hord* and *E. K. Adams*, for appellees.

Comstock, J.—This action was begun before a justice of the peace to recover the value of services ren-

dered by appellant as an attorney. The complaint before the justice of the peace valued these services at $25.00. In the circuit court appellant filed an amended complaint, but the only material difference in the original and the amended complaint was an increase in the alleged value of the services and of the demand from $25.00 to $55.00. There were two trials in the circuit court, in both of which judgment was rendered in favor of the appellees, defendants below. Appellees move to dismiss the appeal for the reasons: (1) "That the cause originated before a justice of the peace and the amount in controversy exclusive of interest and costs does not exceed $50.00, and the validity of an ordinance passed by an incorporated town or city is not in controversy." (2) "Because the evidence of appellant before the justice of the peace and in the circuit court together with the only other witness who testified on the subject does not place the amount in controversy above $30.00 as shown by the record."

This court has no jurisdiction of causes of this character originating before a justice of the peace in which the amount in controversy exclusive of interest and costs does not exceed fifty dollars. Section 1336, Burns' R. S. 1894, subdivision second. If the appeal will lie in the cause before us, it is evident that it can only be by virtue of the amendment to the complaint changing the amount claimed in the prayer.

For the purpose of determining the amount in controversy, the court is not limited alone to the prayer of the complaint, "it must be determined from the entire record and from the material facts of the pleadings and not from the formal demand for judgment." *Keadle* v. *Siddens*, 131 Ind. 597; *Ex Parte Sweeney*, etc., 126 Ind. 583.

It appears from the record that appellant testified

upon three different trials of this cause as to the value of the services for which he sues.  Upon the first occasion (before the justice of the peace), as shown by the evidence in this case, he testified that $20.00 would be a very low fee for his services; upon the second, that they were worth $30.00, and upon the third, that they were worth $25.00.  The only other witness who testified as to the value of the services, did so in behalf of the appellant and fixed the value at $20.00.  It is not unfair to appellant to allow him to name the amount in controversy nor can he be heard to say that any greater amount is in controversy, in a cause of this nature, than the amount named by the undisputed evidence introduced by himself, and, as that evidence makes it less than $50.00 the appeal will not lie.  The motion to dismiss is sustained.