RAY *v.* MOORE, ADMINISTRATOR.

[No. 18,792. Filed March 27, 1900.]

APPELLATE COURT.—*Jurisdiction.*—*Decedents' Estates.*—The Appellate Court has jurisdiction of all cases wherein claims against decedents' estates are allowed, or allowance refused.

From the Montgomery Circuit Court. *Transferred to the Appellate Court.*

*Paul, Van Cleave & Paul, A. D. Thomas* and *W. T. Whittington,* for appellant.

*B. Crane* and *A. B. Anderson,* for appellee.

MONKS, J.—Appellant filed a verified claim against the estate of Eli H. Dick, deceased, on a note for $10,000, alleging that there was due thereon the sum of $10,722, which was wholly unpaid. Said claim was placed on the appearance docket, and afterwards transferred to the issue docket for trial. The cause was tried by a jury, and a verdict returned in favor of appellee, upon which, over appellant's motion for a new trial, judgment was rendered against appellant.

It is provided in the sixth clause of §1336 Burns 1894 that the Appellate Court shall have exclusive jurisdiction of appeals in all cases wherein claims against decedents' estates are allowed, or allowance refused. In this case the allowance was refused, and the jurisdiction of this appeal is in the Appellate Court, unless some other clause or section gives jurisdiction to this court.

The classes of cases of which the Appellate Court is given exclusive jurisdiction by all the clauses of §1336 Burns 1894, except the second and third, do not depend upon the amount in controversy, but the jurisdiction in those cases is in the said court without regard to the amount in controversy.

The second clause of said section gives exclusive jurisdiction to the Appellate Court of all appeals from judgments rendered in the cases which originated before a justice of the

peace, and in which the amount in controversy, exclusive of interest and costs, exceeds $50.

The third clause of said section gives exclusive jurisdiction to the Appellate Court of all actions for the recovery of a money judgment only, where the amount in controversy, exclusive of costs, does not exceed $3,500.

Section 1337 Burns 1894 provides that the Appellate Court shall also have jurisdiction in all cases for the foreclosure or the enforcement of liens of purely statutory origin, where the amount in controversy does not exceed the sum of $3,500.

It is provided in said §1336 Burns 1894, that the Appellate Court shall not have jurisdiction in any of the cases mentioned therein, if the constitutionality of a statute, federal or State, or the validity of an ordinance of a municipal corporation is in question, and such question is duly presented, or when the title to real estate is in issue, or if the same is a suit in equity, meaning thereby such a case as was known and recognized prior to the 18th day of June, 1852, as a suit of equitable cognizance, and wherein a specific decree was appropriate and essential. It is settled that the jurisdiction of all appeals not expressly given to the Appellate Court is in the Supreme Court. Elliott's App. Proc. §§25, 26, 34, 35; Ewbank's Manual, §58; *Ex parte Sweeney,* 126 Ind. 583.

It is evident that all appeals of which the Appellate Court is given exclusive jurisdiction, except those specified in the second and third clauses of said §1336, *supra,* and §1337 Burns 1894, the same is given without regard to the amount in controversy. Elliott's App. Proc. §§65, 66, 70; Ewbank's Manual, §69.

Jurisdiction of this appeal is expressly given to the Appellate Court by clause six of §1336, *supra,* and as it does not fall within any of the exceptions mentioned in said section, although the amount in controversy is over $3,500, the jurisdiction is in said court. This cause is therefore transferred to the Appellate Court.