## FRANKLIN SECURITY COMPANY *v.* BUSHONG ET AL.

[No. 16,045. Filed January 25, 1938.]

*Ralph W. Probst,* for appellant.

*Rex S. Emerick* and *Leo Rumbaugh,* for appellees.

LAYMON, C. J.—Appellant brought this action against appellees upon a replevin bond, asking judgment in the sum of $125 for an alleged breach of the bond. A trial resulted in a verdict and judgment in favor of appellees, from which judgment appellant appeals. Appellees moved to dismiss the appeal for the reason that the amount in controversy, exclusive of interest and costs, does not exceed the sum of $50; that no question is involved or presented as to the validity of a franchise or

the validity of an ordinance of a municipal corporation or the constitutionality of a statute, or the construction of a statute or constitutional rights; and that in view of section 4-211 Burns 1933, section 1353 Baldwin's 1934, this court is without jurisdiction of the subject-matter. In support of their motion appellees assert that the undisputed evidence adduced at the trial discloses that the amount in controversy was the value of a cow, which was shown to be $25.

Appellant insists that the evidence discloses that the judgment and court costs adjudged in the replevin action had not been paid and were therefore items to be considered in determining the amount involved in the present action. The record shows the judgment to have been $1 and the court costs $19. It is apparent that if these sums were proper items to be considered they would not be sufficient to bring the amount in excess of $50 as specified in the statute.

Appellant further urges that the amount claimed in its complaint, since there was a verdict and judgment in favor of appellees, is controlling and determines the question of jurisdiction. This contention is not applicable here. In the case of *McFadden* v. *Rhodes et al.* (1898), 19 Ind. App. 487, 488, 49 N. E. 836, this court said: "For the purpose of determining the amount in controversy, the court is not limited alone to the prayer of the complaint, 'it must be determined from the entire record and from the material facts of the pleadings and not from the formal demand for judgment.'" (See *Keadle* v. *Siddens* [1892], 131 Ind. 597, 31 N. E. 362; *Ex Parte Andrew M. Sweeney, Clerk* [1891], 126 Ind. 583, 27 N. E. 127.) In the McFadden case the undisputed evidence disclosed the amount in controversy to be less than $50, and the court, in dismissing the appeal, said (p. 489) : "It is not unfair to appellant to allow him to name the amount in controversy nor can he

be heard to say that any greater amount is in controversy, in a cause of this nature, than the amount named by the undisputed evidence introduced by himself, and, as that evidence makes it less than $50 the appeal will not lie."

In the instant case the undisputed evidence makes the amount in controversy less than $50, and the case not falling within any of the exceptions enumerated in section 4-213 Burns 1933, section 1355 Baldwin's 1934, the appeal is dismissed.